

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

**INDICTMENT FOR CONSPIRACY TO COMMIT SEX TRAFFICKING, SEX TRAFFICKING, COERCION AND ENTICEMENT TO TRAVEL TO ENGAGE IN PROSTITUION, TRANSPORTATION OF A MINOR FOR PROSTITUTION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **23-00061** |
| v. | * | SECTION: **SECT. E MAG. 4** |
| MACEO DESEAN ROBERTS | * | VIOLATIONS: |
| | * | 18 U.S.C. § 1591(a)(1) |
| | | 18 U.S.C. § 1591(a)(2) |
| | | 18 U.S.C. § 1591(b)(1) |
| | * | 18 U.S.C. § 1591(b)(2) |
| | | 18 U.S.C. § 1594(c) |
| | * | 18 U.S.C. § 2422(a) |
| | | 18 U.S.C. § 2423(a) |
| | * | 18 U.S.C. § 2 |

\*    \*    \*

The Grand Jury charges that:

### COUNT 1
(Conspiracy to Commit Sex Trafficking)

A.   **AT ALL TIMES MATERIAL HEREIN:**

1.   Minor Victim 1 was a juvenile female who was born in about June 2006 and resided in the Memphis, Tennessee area.

2.   Adult Victim 1 was an adult female who resided in the Memphis, Tennessee area.

```
__Fee_____
__Process_____
X_Dktd_____
__CtRmDep_____
__Doc.No._____
```

3. Minor Victim 2 was a juvenile female who was born in about August 2003 and resided in the Memphis, Tennessee area.

4. Adult Victim 2 was an adult female who was from the area of Marks, Mississippi.

5. The defendant, **MACEO DESEAN ROBERTS (ROBERTS),** was an adult male who resided in the Memphis, Tennessee area.

6. Dominique Peeples and Jeremy Talbert were adult males who resided in the Memphis, Tennessee area.

**B.    THE CONSPIRACY:**

Beginning at a time unknown, but not later than in or around August of 2020, and continuing until at least January 24, 2021, in the Eastern District of Louisiana, and elsewhere, the defendant, **MACEO DESEAN ROBERTS,** did combine, conspire, confederate, and agree with Dominique Peeples, Jeremy Talbert, and others known and unknown to the Grand Jury to, in and affecting interstate commerce:

1. knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, by any means, Minor Victim 1, a 14-year-old female, having had a reasonable opportunity to observe Minor Victim 1, knowing and in reckless disregard of the fact that Minor Victim 1 had not attained the age of 18 years and that Minor Victim 1 would be caused to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3), in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(2); and

2. knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, by any means, and attempt to recruit, entice, harbor, transport, provide, obtain, advertise, and maintain Adult Victim 1, knowing and in reckless disregard of the fact that means of force,

threats of force, fraud, and coercion, and any combination of such means, would be used to cause Adult Victim 1 to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3), and knowingly benefit financially and by receiving anything of value from participation in a venture that engaged in an act of recruiting, enticing, harboring, transporting, providing, obtaining, advertising, and maintaining by any means Adult Victim 1, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means would be used to cause Adult Victim 1 to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), and 1591(b)(1).

C. **MANNER AND MEANS:**

1. It was part of the conspiracy that **ROBERTS** provided instructions to Peeples and Talbert about how to be pimps.

2. It was part of the conspiracy that Talbert coordinated the recruitment and transportation of Minor Victim 1 with **ROBERTS**.

3. It was part of the conspiracy that **ROBERTS,** Peeples, and Talbert would rent hotel rooms and **ROBERTS** would instruct Adult Victim 1 to rent hotel rooms for Minor Victim 1, Adult Victim 1, Minor Victim 2, and others to use for commercial sex acts.

4. It was part of the conspiracy that **ROBERTS** would rent rooms in the same hotels as Peeples, and/or Talbert so that they could coordinate their pimping activities.

5. It was part of the conspiracy that **ROBERTS** would often wait in vehicles with Peeples and/or Talbert while Minor Victim 1, Adult Victim 1, Minor Victim 2, and others solicited commercial sex encounters on the "track" or "blade," including along Chef Menteur Highway in New Orleans, Louisiana, and performed commercial sex acts, including "in call" transactions in

hotel rooms rented and paid for by **ROBERTS**, Talbert, and Peeples.

6. It was part of the conspiracy that **ROBERTS** would coordinate with Peeples, and/or Talbert about commercial sex transactions via text and Facebook communications.

7. It was part of the conspiracy that **ROBERTS** would travel with Peeples, and/or Talbert to transport Minor Victim 1, Adult Victim 1, Minor Victim 2, and/or others together for the purpose of relocating to an area with more commercial sex customers for Minor Victim 1, Adult Victim 1, Minor Victim 2, and/or others.

8. It was part of the conspiracy that **ROBERTS** required Adult Victim 1 to give **ROBERTS** all or most of the money she made from commercial sex encounters.

9. It was part of the conspiracy that **ROBERTS** instructed Adult Victim 1 on, among other things, how much money to charge for particular sex acts, what to do with the money she earned for performing commercial sex acts, how to solicit potential commercial sex clients, what hours to work performing commercial sex, when she could have breaks, what she should wear, where she could go, and how to avoid detection by law enforcement authorities.

10. It was part of the conspiracy that **ROBERTS** set a daily quota of money that Adult Victim 1 had to make from commercial sex acts and that **ROBERTS** would threaten or beat Adult Victim 1 if she did not meet her quota.

11. It was part of the conspiracy that **ROBERTS** used force and violence, including beating, kicking, and choking Adult Victim 1, and used threats of force and violence against Adult Victim 1 and Minor Victim 2 and other females that performed commercial sex acts at his direction, as a means of controlling and directing their behavior.

12. It was part of the conspiracy that **ROBERTS** carried a firearm, which he used to threaten Adult Victim 1 and others if they did not comply with his demands.

13. It was part of the conspiracy that **ROBERTS** instructed Adult Victim 1 to recruit and attempt to recruit one or more other females to work for him.

14. It was part of the conspiracy that, on at least one occasion, **ROBERTS** and Peeples robbed a customer during a commercial sex transaction.

15. It was part of the conspiracy that **ROBERTS** controlled what Adult Victim 1 ate and deprived her of sufficient food.

16. It was part of the conspiracy that, in January 2021, after **ROBERTS** had beaten Adult Victim 1 in New Orleans and caused her to flee, **ROBERTS** and Peeples picked up Adult Victim 1 from a hospital in New Orleans and, shortly thereafter, **ROBERTS** and Peeples drove Adult Victim 1 and Minor Victim 2 to Texas for the purpose of Adult Victim 1 and Minor Victim 2 engaging in commercial sex work.

17. It was part of the conspiracy that, in January 2021, after Adult Victim 1 and Minor Victim 2 ran away from Houston, Texas to Memphis, Tennessee, **ROBERTS** and Peeples posted videos to social media in which they brandished firearms and mocked and threatened Adult Victim 1, Minor Victim 2, and their families.

18. It was part of the conspiracy that, on or about January 24, 2021, **ROBERTS** choked Adult Victim 1 and threatened to kill Adult Victim 1 and Minor Victim 2 at a hotel in Memphis to punish them for leaving.

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT 2
### (Sex Trafficking by Force, Fraud, or Coercion)

A. **AT ALL TIMES MATERIAL HEREIN:**

The allegations of Sections A and C of Count 1 are hereby realleged and incorporated herein in their entirety.

B. **THE OFFENSE:**

Beginning at a time unknown, but not later than in or around August of 2020, and continuing until at least January 24, 2021, in the Eastern District of Louisiana, and elsewhere, the defendant, **MACEO DESEAN ROBERTS,** did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, by any means, and attempt to recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, in and affecting interstate commerce, Adult Victim 1, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Adult Victim 1 to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3), and knowingly benefitted financially and by receiving anything of value from participation in a venture that engaged in an act of recruiting, enticing, transporting, harboring, transporting, providing, obtaining, advertising, and maintaining by any means a person knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means would be used to cause Adult Victim 1 to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(1) and 2.

## COUNT 3
### (Coercion and Enticement of an Individual to Travel to Engage in Prostitution)

A.   **AT ALL TIMES MATERIAL HEREIN:**

The allegations of Sections A and C of Count 1 are hereby realleged and incorporated herein in their entirety.

B.   **THE OFFENSE:**

Between on or about January 15, 2021, and on or about January 17, 2021, in the Eastern District of Louisiana and elsewhere, the defendant, **MACEO DESEAN ROBERTS,** knowingly persuaded, induced, enticed, and coerced, Adult Victim 1 to travel in interstate commerce, that is, from the Eastern District of Louisiana to Texas, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, *to wit*: Texas Penal Code 43.02, Texas Penal Code 43.03, and Texas Penal Code 43.05, all in violation of Title 18, United States Code, Sections 2422(a) and 2.

## COUNT 4
### (Interstate Transportation of a Minor for Purposes of Unlawful Sexual Activity)

A.   **AT ALL TIMES MATERIAL HEREIN:**

The allegations of Section A of Count 1 are hereby realleged and incorporated herein in their entirety.

B.   **THE OFFENSE:**

Between on or about January 15, 2021, and on or about January 17, 2021, in the Eastern District of Louisiana, and elsewhere, the defendant, **MACEO DESEAN ROBERTS,** did knowingly transport and attempt to transport Minor Victim 2, an individual who had not attained the age of 18 years, in interstate commerce, that is, from the Eastern District of Louisiana to Texas, with the intent that Minor Victim 2 engage in prostitution or in any sexual activity for which any

person can be charged with a criminal offense, *to wit*: Texas Penal Code 43.02, Texas Penal Code 43.03, and Texas Penal Code 43.05, all in violation of Title 18, United States Code, Sections 2423(a) and 2.

## COUNT 5
### (Sex Trafficking by Force, Fraud, or Coercion)

**A.   AT ALL TIMES MATERIAL HEREIN:**

The allegations of Section A of Count 1 are hereby realleged and incorporated herein in their entirety.

**B.   THE OFFENSE:**

Beginning at a time unknown, but not later than in or around March of 2021, and continuing until the date of this Indictment, in the Eastern District of Louisiana, and elsewhere, the defendant, **MACEO DESEAN ROBERTS,** did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, by any means, and attempt to recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, in and affecting interstate commerce, Adult Victim 2, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Adult Victim 2 to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3), and knowingly benefitted financially and by receiving anything of value from participation in a venture that engaged in an act of recruiting, enticing, transporting, harboring, transporting, providing, obtaining, advertising, and maintaining by any means a person knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means would be used to cause Adult Victim 2 to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(1) and 2.

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 5 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1, 2, and 5, the defendant, **MACEO DESEAN ROBERTS,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offenses and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses.

3. As a result of the offenses alleged in Counts 3 and 4, **MACEO DESEAN ROBERTS** shall forfeit to the United States pursuant to Title 18, United States Code, Section 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offenses and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses.

4. If any of the above-described property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property. the defendant up to the value of said property.

DUANE A. EVANS
UNITED STATES ATTORNEY

*[signature]*

MARIA M. CARBONI
Massachusetts Bar 673658
JORDAN GINSBERG
Illinois Bar No. 6282956
Assistant United States Attorneys


New Orleans, Louisiana
April 13, 2023

FORM OBD-34

No.

# UNITED STATES DISTRICT COURT

Eastern *District of* Louisiana

Criminal *Division*

## THE UNITED STATES OF AMERICA

vs.

## MACEO DESEAN ROBERTS

## INDICTMENT FOR CONSPIRACY TO COMMIT SEX TRAFFICKING, SEX TRAFFICKING, COERCION AND ENTICEMENT TO TRAVEL TO ENGAGE IN PROSTITUTION, AND TRANSPORTATION OF A MINOR FOR PROSTITUTION

VIOLATIONS:
18 U.S.C. §§ 1591(a)(1), (a)(2)
18 U.S.C. §§ 1591(b)(1), (b)(2)
18 U.S.C. § 1594(c)
18 U.S.C. § 2422(a)
18 U.S.C. § 2423(a)
18 U.S.C. § 2

Filed in open court this _____ day of _____
2023.

_____
Clerk

Bail, $ _____

_____
MARIA M. CARBONI
Assistant United States Attorney