UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 23-61 |
|---|---|---|
| | * | |
| VERSUS | * | SECTION: "E" |
| | * | |
| MACEO ROBERTS | * | MAG.: "4" |

* * * * * * * * * * * * * * * * * * * * *

_____

**SENTENCING MEMORANDUM**
_____

**MAY IT PLEASE COURT:**

Maceo Roberts, through undersigned counsel, respectfully submits this sentencing memorandum in anticipation of the sentencing hearing scheduled before this Honorable Court for January 16th, 2025, at 2:00 p.m.. Mr. Roberts respectfully requests the sentence recommended in the Rule 11 (c)(1)(C) plea agreement: a term of incarceration of 22.5 years.

The government indicted Mr. Roberts on April 13, 2023. Pursuant to a Writ

of Habeas Corpus, he made his initial appearance in the Eastern District on May 12, 2023. He has remained incarcerated in federal custody in the Eastern District ever since.

On July 16, 2024, Mr. Roberts pled guilty to Count One of the Indictment, for conspiring to commit sex trafficking. The statutory penalty is any number of years to life imprisonment. The defense respectfully suggests that a sentence of 270 months (22.5 years) would be a reasonable sentence in this particular case.

### The sentencing guidelines

Mr. Roberts faces a statutory sentencing range of up to life imprisonment, pursuant to 18 U.S.C § 1594( c). His total offense level for Count One is 41, and he has a criminal history category of I. His resulting advisory guideline imprisonment range is therefore 324 to 405 months. The plea agreement recommends a sentence of 270 months. Given the nature and circumstances of this particular case and this particular defendant, a sentence of 270 months comports with the purposes of 18 USC § 3553.

### A 270 month sentence is appropriate

Mr. Roberts timely admitted and accepted responsibility for his offense conduct so that the government has agreed to file its motion requesting a 3rd point

off for his acceptance of responsibility. The resolution of this case by virtue of a plea is better for everyone connected to this case, as opposed to a resolution through a jury trial. The acceptance of his responsibility towards the victims in this case has relieved each victim of the significant burden of coming to court to testify as a witness in a jury trial.

The defense also understands that all 5 victims support and are in agreement with the terms of the defendant's plea agreement. They are all satisfied that the purpose of the 11(c)(1)( C) plea to avoid the pain of a trial is well met through the plea agreement before the Court.

Additionally, a sentence of 270 months is supported by Mr. Roberts' personal characteristics. He does have a history of a very difficult childhood and teenaged years. He essentially was raised as a boy in an environment that mirrors the facts of this case. He was a child raised in a family without a regular father figure and with a mother who supported the family by prostituting herself. Mr. Roberts oftentimes witnessed his mother's boyfriends physically abusing her. He began smoking marijuana at age eight by retrieving his mother's discarded marijuana from ashtrays. He was diagnosed with ADHD and prescribed medication, but more often than not he either did not receive the medication or he

did not take it. Due to their homelessness, the otherwise inappropriate environment to raise a child, and Mr. Roberts' own unruly behavior, the family moved him into the home of his paternal aunt at age 11.

The Tennessee Department of Children Services ("TDCS") soon intervened into his family life, beginning when Maceo was twelve or thirteen years old, when he ran away from his aunt's home. The TDCS records confirm the ADHD diagnosis and the failed attempt to medicate the condition. He remained in the custody of the TDCS, consisting of a "youth development center" and foster homes, until after he turned seventeen. If this case is scrutinized through the lens of a "nature vs. nurture" debate, clearly the "nurture" advocate comes away with the more compelling argument.

Mr. Roberts also is only in the criminal history category I. The Court's sentence in this case will literally be the very first term of adult imprisonment he has to serve. Although the recommended 270 months is below the guideline range, it remains a very long and substantial sentence when considering it will be Mr. Roberts' first adult sentence. He will no longer be a young adult upon his eventual release into a personal landscape completely changed by the passage of 22.5 years. In 2004, the U.S. Sentencing Commission noted that "recidivism rates decline

relatively consistently as age increases." U.S. Sentencing Commission, <u>Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines</u>, at 12 (2004)[1].

Importantly, Mr. Roberts has expressed his desire to take advantage of the counseling and education that the BOP provides to its inmates. He plans to re-enter society as a better educated and trained man equipped and prepared to earn a legitimate living. And of course, he will look forward to return to and be there for his children. The letters submitted to the Court from his own adult relatives reflect and corroborate the dedication Mr. Roberts has towards his minor children.

Considering all of the foregoing, Mr. Roberts respectfully requests that the Court accept the terms of the plea agreement he signed with the government and impose a sentence of 270 months.

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf

Respectfully submitted:

Arthur A. Lemann III & Assoc, Inc.


BY:    <u>Arthur A. Lemann IV</u>
       Arthur A. Lemann IV (#23189)
       1100 Poydras Street, suite 3250
       New Orleans, Louisiana 70163
       Phone: (504) 522-8104

       Attorney for Defendant,
       Maceo Roberts

_____

## CERTIFICATE

_____

    I hereby certify that on January 9, 2025, I filed the foregoing using the ECF filing system of the Clerk of Court for the Eastern District of Louisiana, which will serve Assistant U.S. Attorney Maria Carboni and all counsel of record.

                            <u>Arthur A. Lemann IV</u>
                            Arthur A. Lemann IV